ALICIA SANTANA, Petitioner, v. DISTRICT COURT OF SAN JUAN, MARCELINO ROMANY, JUDGE, Respondent.

No. 1243.   Argued April 21, 1941.—Decided April 28, 1941.

*Benigno Dávila Rodríguez* for petitioner.   *L. Vergne Ortiz* for intervenor, plaintiff in main suit.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Bernabé Sánchez Martínez sued Alicia Santana before the Municipal Court of San Juan to collect on a document which says as follows:

"*Aclaratory notes as to payment of taxes.*—I hereby set forth that the sale of the house No. 165, property of Mrs. Belén Vela de Trigo, to Miss A. Santana was for the amount of $2,500 which the pur-

chaser delivered as follows.—$2,000 by certified check and the remainder, that is, $500, in cash, leaving in her hands the amount of $173.71 out of said $500 to pay the taxes which are due according to the bill of the Collector of Internal Revenue, it being expressed that once the law remitting the taxes is signed by the Governor, said amount will be returned to Mr. Bernabé Sánchez Martínez to whom it belongs by order of Mrs. Vela's attorney-in-fact, Mr. L. C. Trigo. May 27, 1939.—(Signed) Alicia Santana.''

He alleged that the Governor signed the law remitting back-taxes and that the defendant has refused to pay the $173.71 specified in the document.

The defendant demurred for want of facts and once her demurrer had been overruled, answered denying the facts of the complaint, and as special defense alleged that she had paid $89.13 to the Government as taxes on the property.

After the trial in the municipal court, judgment was rendered for the plaintiff, and the defendant appealed to the District Court of San Juan where she filed a new demurrer against the complaint alleging that the court had no jurisdiction, that the plaintiff had no capacity to sue and that the complaint did not state facts sufficient to constitute a cause of action. Before the demurrer had been heard or decided, the defendant filed a supplementary amended answer and a cross-complaint.

In the answer, as special defenses she alleged, among other things, that the document copied in the complaint was abrogated on the same day of its execution, on May 27, 1939, in the afternoon, when the deed of sale of the house was executed before the Notary Benigno Dávila Rodríguez; that said document had been badly worded and did not express what had been actually agreed to by the parties; that the plaintiff agreed to what was decided after the execution of the document object of his claim; that the plaintiff has established a claim based on a mistaken and deceitful document which does not follow the agreement. In her cross-complaint the defendant copies the facts alleged in the special

defenses and also claims from the plaintiff the payment of the water bill owed by the house and the price of some window grills and closets that the defendant had to pay.

The trial *de novo* was held in the district court on January 8, 1940. A year and a month later, on February 7, 1941, the trial judge, Mr. Romany, rendered judgment finding for the plaintiff and dismissing the cross-complaint, with costs. As the judgment was not appealable, by reason of the amount, the defendant filed a petition of certiorari before this Court alleging that the lower court had incurred in various errors of procedure, as follows: in overruling the demurrer filed by the defendant; in deciding that the cross complaint had been presented out of time and when the defendant had no right to amend her answer without leave of the court; in not deciding all the questions of fact and issues of law raised, and in imposing costs on the defendant.

■ As to the first assignment, this Court has repeatedly decided that the decision of a demurrer one way or the other cannot be alleged as error of procedure reviewable by certiorari. *Rodríguez* v. *Sepúlveda,* 19 P.R.R. 1107; *Hull* v. *District Court,* 42 P.R.R. 146; *Delgado* v. *District Court,* 52 D.P.R. (per curiam decision not reported in the English edition); *Smallwood* v. *District Court,* 53 P.R.R. 707.

■■ As to the admission of the cross-complaint, what the lower court decided, as appears from the statement of facts and opinion, is as follows:

"As to the cross-complaint, it would be enough to say that it was filed out of time and when the defendant had no right to amend, as a question of right, but by virtue of leave by the court. This is a case appealed from the municipal court. In the lower court the defendant merely filed an answer. It was in the district court, when the case had been filed over a month, that without leave of this court, she filed an amended answer which included a cross-complaint. She could not do this according to Section 139 of the Code of Civil Procedure, equivalent to Section 472 of the California Code, as the latter was construed in *Tingley* v. *Times Mirror Co.,* 151 Cal. 1; that is, that the right of a defendant to amend without leave of the court

is extinguished at the end of the ten days granted by law to the plaintiff to demur to the answer; they had already elapsed when the amended answer was filed, wherefore this court, in accordance with *Martínez* v. *Succession of Arocena*, 23 P.R.R. 344, *would have* the right not to consider it as a pleading in the record. However, even deciding it on its merits, it would have to be dismissed.

"Giving full credit to the evidence of the defendant, the plaintiff bound himself to transfer the house free of liens, and undoubtedly the grills and closets built by the lessee Barreto do not create a lien. In the absence of special agreement to the contrary, and none was proved in this case, according to Section 1463 of the Civil Code in relation to Section 416 of the same statute, the lessee has no right to indemnity for the betterments, useful or for pleasure, which he makes in the leased property; the most he can do is withdraw them if such a thing is possible without the impairment of the property.

"The debt for water does not constitute a lien or encumbrance on the property either. The purchaser was not bound to pay it. *Frese* v. *Public Service Commission*, 55 P.R.R. 215; *Suau* v. *Capital of Puerto Rico*, 50 P.R.R. 733.

"The cross-complaint is dismissed." (Italics ours.)

So that although the Judge Mr. Romany, according to what was held in the case of *Martínez* v. *Succesion Arocena, supra*, said that he *would have* the right not to consider the amended answer, in fact he did consider it, since he entered into the appraisal of the evidence presented by the defendant, and finally dismissed the cross-complaint. The alleged procedural error was not committed, furthermore, because in the appeal of a judgment rendered by a municipal court to a district court, although a trial *de novo* is held, the pleadings may only be amended by leave of the court, as provided by Section 3 (*a*) of the act to regulate the appeals against judgments of the municipal courts in civil cases, as amended by Act No. 31 of May 11, 1934 (page 292), which so far as pertinent states as follows:

"Section 3(*a*).—The secretary of the district court shall place the cause on the docket of civil actions, serving notice on the parties in interest. The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held sub-

sequent to the filing of the case. When the appeal is called for trial, the court shall, on motion of the appellant, review and consider any preliminary order, decision or ruling by which he considers himself to have been aggrieved. Such questions having been determined, *the cause shall proceed to trial in accordance with the arguments had unless the judge shall, by virtue of demurrer, have allowed the complaint or answer to be amended.* The action thus being finally at issue, *the trial shall be held as a trial de novo,* and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district court . . . . (Italics ours.)

In the case of *Gelabert Hnos.* v. *Córdova,* 17 P.R.R. 1153, although the question in issue was whether the district court could dismiss an appeal from a municipal court for nonappearance of the appellant, after citing Section 3, *supra,* as it was in force originally and which as to the right to amend provided in substance the same as now, the following was said:

"As may be seen, in order to review and consider on the motion of appellant any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved the law requires his appearance, whether he is the plaintiff or the defendant, and such questions having been determined, *or after the complaint or the answer is amended, should such amendment be permitted,* the case on appeal must be prosecuted *de novo.*" (Italics ours.)

In the case of *Fernández* v. *Orcasitas,* 51 P.R.R. 295, the case of *Gelabert, supra,* was cited among others and it was held:

"Defendant appealed to the district court from a judgment, rendered at his request, in a municipal court after it had overruled a demurrer for want of facts sufficient to constitute a cause of action. The district judge also overruled the demurrer. *Defendant asked leave to file an answer. This request was refused.* Defendant then moved under sections 139 and 140 of the Code of Civil Procedure for time within which to amend. The district judge overruled this motion and rendered judgment for plaintiff.

"A trial in the district court on appeal from a municipal court is *de novo.* We are inclined to agree with appellant that he did not

lose his right to answer by requesting a judgment on the pleadings in the municipal court. The district court should have proceeded just as it would have proceeded in an action properly commenced in the district court. *Carreras* v. *District Court,* 48 P.R.R. 947; *González* v. *Malgor, Luiña & Co.,* 29 P.R.R. 97; *Matos* v. *Ortiz,* 19 P.R.R. 74; *Fradera* v. *Morales,* 19 P.R.R. 1064; *Gelabert Hnos.* v. *Córdova,* 17 P.R.R. 1153; *Hernández* v. *District Court,* 17 P.R.R. 430.

"The question is *whether a refusal to permit the filing of an answer upon timely request after the overruling of the demurrer is reversible error. The granting or refusal of such a request is a matter largely within the discretion of the trial court.* The rule is that leave to answer should be granted upon such terms as the court may deem just unless it appears that the demurrer was clearly frivolous. *Morales* v. *Torres,* 49 P.R.R. 227. This brings us to the question as to whether the demurrer was clearly frivolous." (Italics ours.)

Therefore, there is no doubt that both the plaintiff and the defendant in a case on appeal from a municipal court may amend in the district court before the trial *de novo* is held, their pleadings, complaint or answer, but by virtue of leave granted by the judge when a demurrer to the complaint or answer is granted. It is due to this that what was held in the *Arocena* case, *supra,* cited by the lower court in its opinion, and ratified in the case of *Busquets* v. *Nieto,* 57 P.R.R. ___, is not applicable to the case at bar; but as we have said before, the error of procedure assigned was not committed because the lower court, in spite of its decision, did not eliminate the amended answer and cross-complaint filed by the defendant but dismissed the cross-complaint on the appraisal made of the evidence presented to uphold them.

The third alleged error is more important. It refers to the failure of the lower court to decide all the questions of fact and issues of law which were raised because, as the petitioner states, in deciding the case on its merits the court merely said in its opinion:

"The court in this case believes the theory of the plaintiff, that is, that the defendant Alicia Santana retained from the purchase price

of the property the amount of $173.71 to pay the taxes which were due upon it in the understanding that if the Governor signed the law which remitted them, she would then be bound to return said amount. For these reasons, the complaint lies and judgment must be rendered for the plaintiff, with costs imposed on the defendant.''

The petitioner accepts in her brief that the merits of the evidence presented during the trial may not be reviewed by certiorari but specifying the questions which the lower court should have decided states:

''We call the attention of this Hon. Court to the fact that it does not decide all the questions raised, among them: 1. It does not decide whether the agreement which existed in the Auxilio Mutuo in the afternoon of May 22, 1939, when the contract of purchase and the deed wherein it was stated were executed, substituted and revoked all other previous agreements, such as the document of the complaint which was executed in the Banco Popular in the morning of the same day; and 2. If the defendant Alicia Santana paid the amount of $91.96 as appears from the tax receipts corresponding to the year 1938–39 and to the first semester of 1939–40, said amount should be deducted from the sum of $173.71 which the plaintiff claims, since there was not a total remission of the taxes due but of part of the taxes, it being impossible in consequence that the defendant Alicia Santana could return the total of the taxes in case the Governor should sign said law as he did.

''These questions appear clearly set forth by the pleadings and the evidence, specially by documents which this Hon. Court may examine to determine whether the lower court should have decided these questions or not.''

Sections 188 and 193 of the Code of Civil Procedure, (1933 ed.), provide as follows:

''Section 188.—A judgment is a final determination of the rights of the parties in an action or proceeding.''

''Section 193.—In every case, other than those mentioned in the last section, judgment must be rendered on the merits.''

In the case of *Estate of Fernández* v. *The People et al.,* 16 P.R.R. 545, a judgment which was appealable to this Court was reversed because the lower court did not make findings

as to the dominion claim which was the main issue of the suit, and applying Sections 188 and 193, *supra,* it was said in page 551:

"The Code of Civil Procedure now in force agrees substantially with the provisions of the former Code, section 188 thereof providing that a judgment is the final determination of the rights of the parties in an action or proceeding, and section 192 (193?) provides that, with the exception of the cases of the dismissal of actions or judgment of nonsuit mentioned in section 192, judgment must be rendered on the merits.

"The lower court in this case *manifestly violated the provisions of sections 188 and 193 of the Code of Civil Procedure above-mentioned, as it did not make any pronouncement upon the question of ownership raised,* and if it did not (*sic*) make any pronouncement as to the possession, it was ambiguous and doubtful." (Italics ours.)

The case at bar is even stronger, because the judgment rendered, by reason of the amount, is not appealable to this Court. The main issues raised by the averments contained in the amended answer and the cross-complaint were not decided by the lower court. There is no finding as to whether the document object of the plaintiff's claim was deprived of all effectiveness by the public deed executed afterwards and neither is there one as to whether the taxes were remitted partially and the defendant had to pay the difference. The documentary proof presented by the defendant to sustain her pleadings appear in the record sent by the lower court. We are not deciding, in any way, that said evidence is sufficient to prove said averments, but that the lower court should have, when it failed to strike out the amended answer and the cross-complaint, definitely decided the rights of the parties, as ordered by Section 188, *supra,* and especially in a case where the loser party could not exercise the remedy of appeal. If the questions raised by the defendant had been decided against her on the merits, it would not be possible to consider whether they were duly appraised or not, through this writ of certiorari, as decided in the case of *García Soler* v. *District Court,* 46 P.R.R. 523, but since they have not been

decided in any manner, we are of opinion that the lower court committed an error of procedure in violation of Sections 188 and 193 of the Code of Civil Procedure, *supra*.

For the above stated reasons, ·the judgment rendered by the lower court on February 7, 1941, in case No. 32,887, *Bernabé Sánchez Martínez* v. *Alicia Santana,* for collection of money, must be annulled and the case remanded for a new trial.